JAMES J. NASH, Sr., EXECUTOR OF THE LAST WILL AND TESTAMENT OF DANIEL HALLAHAN, DECEASED; JAMES J. NASH, Jr., AND ROSE M. NASH, APPELLANTS, v. CITY OF PERTH AMBOY, A MUNICIPAL CORPORATION, AND ADOLPH M. METZENDORF, RESPONDENTS.

Submitted May 28, 1927—Decided October 17, 1927.

For the appellants, *Welanko & Strauss* (*Abraham Welanko,*. on the brief).

For the respondents, *Harry S. Medinets.*

The opinion of the court was delivered by

TRENCHARD, J. This action was originally brought against. the city of Perth Amboy and Adolph Metzendorf, but was discontinued as to the defendant Metzendorf before trial. The case against the city went to trial, and the trial judge nonsuited the plaintiffs, who now appeal from the consequent. judgment.

We are of the opinion that the nonsuit was right.

The situation was this: The plaintiffs sought to recover moneys paid to the city of Perth Amboy on account of annual taxes levied against certain property located therein and assessments for benefits imposed thereon. The plaintiffs' claim was. that the taxes and the assessments were excessive and arithmetically erroneous; and further, that, for this reason, the city was not authorized to charge interest on the amount so levied and assessed, and had remitted the same. The taxes run back as far as the year 1907 and the assessments as far back as 1913. It appeared at the trial that there had been.

much controversy between the plaintiffs and certain of the city officials with relation to the propriety of these taxes and assessments, and the claim of the plaintiffs was that the municipality had agreed to lower their claim as above stated so as to correspond with the amounts which the plaintiffs admitted were due. While the controversy was still pending the plaintiffs sold the property to Metzendorf, the sale taking place in the year 1920. The purchaser, finding that there were unpaid liens upon the property for taxes and assessments, objected to taking the title unless they were settled, and finally it was agreed that the amounts in dispute should be retained by him out of the purchase-money and be held by him until the matters were settled. Some time after that, no settlement having occurred, and the taxes and assessments still appearing to be liens, he paid the total amount thereof, and so cleared the property.

We are not concerned with the question whether the plaintiffs have any right of action against Metzendorf, based upon the payment of excessive taxes and assessments, since the action against Metzendorf was discontinued before trial.

We are here concerned only with the plaintiffs' claim against the city of Perth Amboy. Now, it is clear that the plaintiffs have failed to show any right of action against the city. As we read the pleadings and proofs there is no disclosure of excessiveness or error in the amounts of the taxes or assessments. The taxes, as we have said, extended over a long period of years, and so did the assessments. During all this time the plaintiffs took no legal action to have their rights with relation thereto established. All that they did was to talk over matters with some of the officers of the municipality. Their claim is that the board of aldermen of the city, as a result of negotiations entered into between the plaintiffs and various city officers, took the matter under consideration, and passed a resolution reducing the claim of the city by the amounts contended for by the plaintiffs. But there was no proof of any such action. The plaintiffs attempted to show it by testifying that after the council meeting they were told by one or two members of that body that this action had been

taken. Of course, that was mere hearsay testimony. The rule is that the declarations of individual members of the board of aldermen are not legal evidence to prove prior acts of the corporate body. *West Jersey Traction Co.* v. *Camden Horse Railroad Co.,* 53 *N. J. Eq.* 163. No member of the council was called to prove the adoption of the alleged resolution. Nobody who was present at the time of its alleged adoption was called to testify, and no record of any such resolution is found on the minutes.

The foregoing observations, in effect, dispose of every question argued which merits comment.

The nonsuit being rightly granted, the judgment under review will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.